UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| KAREN M. DOMIJAN, | : | |
| | : | |
| Plaintiff | : | REMOVED FROM: |
| | : | |
| v. | : | JUDICIAL DISTRICT OF |
| | : | NEW LONDON AT NEW |
| | : | LONDON |
| HOME DEPOT U.S.A., INC., | : | |
| | : | |
| Defendant. | : | C.A. No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, the above-named Defendant, Home Depot U.S.A., Inc. ("Defendant"), by and through its undersigned counsel, hereby files its Notice of Removal of this action (the "Action") from the Superior Court of the State of Connecticut, Judicial District of New London, at New London, to the United States District Court for the District of Connecticut.

Defendant appears for the purpose of removal only and for no other purpose, reserves all defenses and rights available to it, and states as follows:

1. On or about July 12, 2022, Plaintiff Karen Domijan commenced the Action in the Superior Court for the State of Connecticut, Judicial District of New London, at New London, Docket No. KNL-CV-22-6057515-S. Plaintiff alleges that on or about July 25, 2020, while at the Home Depot located at 1932 Norwich-New London Turnpike, Montville, CT, she was caused to slip and fall in a large puddle of water, causing her injury.

2. As a result of Defendant's alleged negligence, Plaintiff claims to have suffered great bodily injury consisting, among other things, of severe and painful injury, emotional upset and mental anguish, injuries to her left knee, left hip and lower right leg, among other injuries

3. Plaintiff further claims that she was required to undergo surgery on her left knee and that her injuries also exacerbated pre-existing left hip degeneration, requiring her to undergo full hip replacement surgery. Plaintiff alleges she incurred expenses for medical care and attention, physician's care, hospital care, surgeries, diagnostic testing, radiological procedures, physical therapy, and pharmaceuticals, and it is likely she will incur further such expenses in the future.

4. On or about July 8, 2022, Plaintiff Karen Domijan served a copy of the Summons and Complaint upon the registered agent for Defendant. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the Defendant in the Action is attached as **Exhibit 1**.

5. No Defendant has filed a responsive pleading, and no orders have been issued in the Action.

6. Home Depot's Motion for Extension of Time to Plead is currently pending in the Action, though is moot upon the filing of this Notice of Removal.[1]

7. Home Depot learned by way of Plaintiff's August 22, 2022, correspondence the full extent of Plaintiff's damages. Specifically, it was not until receipt of this correspondence that Home Depot had knowledge that Plaintiff's medical bills exceed $75,000. In accordance with the requirements of 28 U.S.C. § 1446(b)(3), this Notice of Removal is filed within 30 days after Defendant's receipt, through service or otherwise, of the Complaint establishing that the case could be removed.[2]

---

[1] See the Notice of Pending Motion filed contemporaneously with the instance Notice of Removal.
[2] "In cases where removal is based upon diversity, the facts required to support the removal petition include the amount in controversy and the address of each party." Whitaker v. Am. Telecasting, Inc., 261 F.3d 196, 206 (2d Cir. 2001), citing Day v. Zimmer Inc., 636 F.Supp. 451, 453 (N.D.N.Y.1986). "While this standard requires a defendant to apply a reasonable amount of intelligence in ascertaining removability, it does not require a defendant to look beyond the initial pleading for facts giving rise to removability." Whitaker, 261 F.3d at 206, citing Rowe v. Marder, 750 F.Supp. 718, 720 (W.D.Pa.1990), aff'd, 935 F.2d 1282 (3d Cir.1991) ("a defendant must be able to ascertain easily [from the pleading] the necessary facts to support his removal petition"); Foster v. Mutual Fire, Marine & Inland Ins. Co., 986

8.      In accordance with the requirements of 28 U.S.C. § 1446(c)(1), this Notice of Removal is filed within one year after commencement of the Action.

9.      Plaintiff alleges that she is a resident of the State of Connecticut.

10.      Defendant has its principal place of business in Atlanta, Georgia.

11.      The Action is a civil action over which the Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and is one which may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 *et seq.*, in that the parties are citizens of different states and the amount in controversy with respect to Plaintiff exceeds $75,000, exclusive of interest and costs.

12.      Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court for the State of Connecticut, Judicial District of New London at New London, and will serve a copy of the same on counsel for Plaintiff.

WHEREFORE, Home Depot respectfully removes the Action now pending in the Superior Court for the State of Connecticut, Judicial District of New London, at New London, Docket No. KNL-CV-22-6057515-S, to the United States District Court for the District of Connecticut.

Respectfully submitted,

DEFENDANT,
**HOME DEPOT U.S.A., INC.,**
By its Attorney,

 /s/ *Kaitlin Smith*
Kaitlin K. Smith (ct30755)
KSmith@apslaw.com
ADLER POLLOCK & SHEEHAN P.C.
175 Federal Street, 10th Floor
Boston, MA 02110
Tel: (617) 482-0600
Fax: (617) 482-0604

---

F.2d 48, 54 (3d Cir.1993) ("the relevant test is not what the defendants purportedly knew, but what [the document] said.").

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing was sent by electronic mail to all counsel of record on the 14TH day of September, 2022:

Charles K. Norris, Esq.
Chinigo Leone & Maruzo LLP (106188)
141 Broadway
PO Box 510
Norwich, CT 06360
CharlesN@NorwichLaw.com

               */s/ Kaitlin K. Smith*
               Kaitlin K. Smith