# EXHIBIT A

**SUMMONS - CIVIL**
JD-CV-1 Rev. 2-20
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a, 52-48, 52-259;
P.B. §§ 3-1 through 3-21, 8-1, 10-13

Instructions are on page 2.

For information on ADA accommodations, contact a court clerk or go to: www.jud.ct.gov/ADA.

**STATE OF CONNECTICUT**
**SUPERIOR COURT**
www.jud.ct.gov



☐ Select if amount, legal interest, or property in demand, not including interest and costs, is LESS than $2,500.

☒ Select if amount, legal interest, or property in demand, not including interest and costs, is $2,500 or MORE.

☐ Select if claiming other relief in addition to, or in place of, money or damages.

**TO: Any proper officer**
By authority of the State of Connecticut, you are hereby commanded to make due and legal service of this summons and attached complaint.

| Address of court clerk | Telephone number of clerk | Return Date (Must be a Tuesday) |
|---|---|---|
| 70 Huntington Street, New London, CT 06320 | (860) 443-5363 | 08/09/2022 |

☒ Judicial District   ☐ G.A. Number: ___   At (City/Town): New London
☐ Housing Session

Case type code: Major: T   Minor: 12

**For the plaintiff(s) enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented | Juris number |
|---|---|
| Chinigo, Leone & Maruzo, LLP, 141 Broadway, Norwich, CT 06360 | 106188 |

Telephone number: (860) 889-8900
Signature of plaintiff (if self-represented):

The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book.   ☐ Yes   ☒ No

E-mail address for delivery of papers under Section 10-13 of the Connecticut Practice Book (if agreed):

| Parties | Name (Last, First, Middle Initial) and address of each party | |
|---|---|---|
| First plaintiff | Name: DOMIJAN, KAREN M.  Address: 7 Porach Road, Uncasville, CT 06382 | P-01 |
| Additional plaintiff | Name:  Address: | P-02 |
| First defendant | Name: Home Depot U.S.A., Inc., 2455 Paces Ferry Road, Atlanta, GA 30339, c/o Agent for Service:  Address: Corporation Service Company, Goodwin Square, 225 Asylum Street, 20th Floor, Hartford, CT 06103 | D-01 |
| Additional defendant | Name:  Address: | D-02 |
| Additional defendant | Name:  Address: | D-03 |
| Additional defendant | Name:  Address: | D-04 |

Total number of plaintiffs: 1   Total number of defendants: 1   ☐ Form JD-CV-2 attached for additional parties

**Notice to each defendant**

1. **You are being sued.** This is a summons in a lawsuit. The complaint attached states the claims the plaintiff is making against you.
2. To receive further notices, you or your attorney must file an *Appearance* (form JD-CL-12) with the clerk at the address above. Generally, it must be filed on or before the second day after the Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to appear.
3. If you or your attorney do not file an *Appearance* on time, a default judgment may be entered against you. You can get an *Appearance* form at the court address above, or on-line at https://jud.ct.gov/webforms/.
4. If you believe that you have insurance that may cover the claim being made against you in this lawsuit, you should immediately contact your insurance representative. Other actions you may take are described in the Connecticut Practice Book, which may be found in a superior court law library or on-line at https://www.jud.ct.gov/pb.htm.
5. If you have questions about the summons and complaint, you should talk to an attorney.
   **The court staff is not allowed to give advice on legal matters.**

| Date | Signed (Sign and select proper box) | ☒ Commissioner of Superior Court  ☐ Clerk | Name of person signing |
|---|---|---|---|
| 07/07/2022 | /s/ | | CHARLES K. NORRIS, Esq. |

**If this summons is signed by a Clerk:**
a. The signing has been done so that the plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the plaintiff(s) to ensure that service is made in the manner provided by law.
c. The court staff is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this summons at the request of the plaintiff(s) is not responsible in any way for any errors or omissions in the summons, any allegations contained in the complaint, or the service of the summons or complaint.

*For Court Use Only*
File Date

I certify I have read and understand the above:
Signed (Self-represented plaintiff): ___   Date: ___   Docket Number: ___

Page 1 of 2

## Instructions

1. *Type or print legibly. If you are a self-represented party, this summons must be signed by a clerk of the court.*
2. *If there is more than one defendant, make a copy of the summons for each additional defendant. Each defendant must receive a copy of this summons. Each copy of the summons must show who signed the summons and when it was signed. If there are more than two plaintiffs or more than four defendants, complete the Civil Summons Continuation of Parties (form JD-CV-2) and attach it to the original and all copies of the summons.*
3. *Attach the summons to the complaint, and attach a copy of the summons to each copy of the complaint. Include a copy of the Civil Summons Continuation of Parties form, if applicable.*
4. *After service has been made by a proper officer, file the original papers and the officer's return of service with the clerk of the court.*
5. *Use this summons for the case type codes shown below.*

    *Do not use this summons for the following actions:*
    - (a) *Family matters (for example divorce, child support, custody, paternity, and visitation matters)*
    - (b) *Any actions or proceedings in which an attachment, garnishment or replevy is sought*
    - (c) *Applications for change of name*
    - (d) *Probate appeals*
    - (e) *Administrative appeals*
    - (f) *Proceedings pertaining to arbitration*
    - (g) *Summary Process (Eviction) actions*
    - (h) *Entry and Detainer proceedings*
    - (i) *Housing Code Enforcement actions*

## Case Type Codes

| MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION | MAJOR DESCRIPTION | CODE Major/Minor | MINOR DESCRIPTION |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 50 | Uninsured/Underinsured Motorist Coverage | | | |
| | C 60 | Uniform Limited Liability Company Act – C.G.S. 34-243 | | | |
| | C 90 | All other | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | | | | T 03 | Defective Premises - Private - Other |
| Eminent Domain | E 00 | State Highway Condemnation | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 12 | Defective Premises - Public - Other |
| | E 20 | Other State or Municipal Agencies | | T 20 | Products Liability - Other than Vehicular |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 28 | Malpractice - Medical |
| | E 90 | All other | | T 29 | Malpractice - Legal |
| | | | | T 30 | Malpractice - All other |
| Housing | H 10 | Housing - Return of Security Deposit | | T 40 | Assault and Battery |
| | H 12 | Housing - Rent and/or Damages | | T 50 | Defamation |
| | H 40 | Housing - Housing - Audita Querela/Injunction | | T 61 | Animals - Dog |
| | H 50 | Housing - Administrative Appeal | | T 69 | Animals - Other |
| | H 60 | Housing - Municipal Enforcement | | T 70 | False Arrest |
| | H 90 | Housing - All Other | | T 71 | Fire Damage |
| | | | | T 90 | All other |
| Miscellaneous | M 00 | Injunction | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 10 | Receivership | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 15 | Receivership for Abandoned/Blighted Property | | V 05 | Motor Vehicles* - Property Damage only |
| | M 20 | Mandamus | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | V 09 | Motor Vehicle* - All other |
| | M 40 | Arbitration | | V 10 | Boats |
| | M 50 | Declaratory Judgment | | V 20 | Airplanes |
| | M 63 | Bar Discipline | | V 30 | Railroads |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | V 40 | Snowmobiles |
| | | | | V 90 | All other |
| | M 68 | Bar Discipline - Inactive Status | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | | |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | | | |
| | M 83 | Small Claims Transfer to Regular Docket | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | M 84 | Foreign Protective Order | | W 90 | All other |
| | M 89 | CHRO Action in the Public Interest - P.A. 19-93 | | | |
| | M 90 | All other | | | |

| | | |
|---|---|---|
| RETURN DATE: AUGUST 9, 2022 | : | SUPERIOR COURT |
| KAREN M. DOMIJAN | : | JUDICIAL DISTRICT OF |
| VS. | : | NEW LONDON AT NEW LONDON |
| HOME DEPOT U.S.A., INC. | : | JULY 7, 2022 |

## COMPLAINT

1. At all times relative to this Complaint, the Plaintiff, KAREN M. DOMIJAN, (hereinafter "Plaintiff"), was a resident of the Town of Uncasville (Montville), County of New London, and State of Connecticut.

2. At all times relative to this Complaint, the Defendant, HOME DEPOT U.S.A., INC. (hereinafter "Defendant"), is a lawful corporation existing under the laws of the State of Delaware, with its principal place of business in the City of Atlanta, and State of Georgia.

3. On or about July 25, 2020, and for a long period prior thereto, the Defendant owned, controlled, possessed, managed and/or maintained the premises located at 1932 Norwich-New London Turnpike in the Town of Montville, County of New London, and State of Connecticut (hereinafter "Premises").

4. At all times relative hereto, the Defendant had a nondelegable duty to keep the premises safe of dangerous conditions which may pose a hazard to customers and/or business invitees.

5. On said date, the Premises were in a defective, unsafe, and dangerous condition, in that there was a large puddle of water on the cement floor aisle in the garden center that made it likely that customers and/or business invitees of the Defendant would or could be injured.

6. On said date, the Plaintiff, as an invitee, was pushing a carriage while shopping in the garden center on said Premises. While walking through the garden center,

the Plaintiff slipped in a large puddle of water, causing her to fall on the cement floor, resulting in the injuries and losses described hereafter.

7. The area upon which the Plaintiff sustained injuries was an area commonly used by other customers and/or business invitees of the Defendant, and said area was under the care, custody and control of the Defendant at the time of Plaintiff's injuries.

8. The following injuries and losses sustained by the Plaintiff were directly and proximately caused by the negligence of the Defendant, its servants, agents or employees in or more of the following ways:

   a. In failing to properly inspect store aisles;
   b. In failing to keep the store aisles free from hazards which may cause an unsafe condition;
   c. In failing to remove the water from the floor in a proper and timely manner so as to prevent the risk of harm to the Plaintiff and others similarly situated;
   d. In failing to provide warnings to properly mark the area where the dangerous condition existed;
   e. In failing to property erect a safeguard so the customers and/or business invitees of the Defendant would not be able to utilize an area where it was likely that a person would be injured;
   f. In failing to provide adequate staffing to supervise and monitor store aisles for hazards and offer assistance to customers and/or business invitees;
   g. In failing to provide adequate supervision and training to its employees, agents, and staff regarding its protocol in how to properly and safely remove hazards that may pose a risk to customers and/or business invitees;
   h. In failing to inspect the garden center aisles to ensure that they were

free from hazards that may cause a dangerous condition;

i. In failing to use due care, failing to make use of its senses and faculties as a prudent retailer under the circumstances, and failing to remedy and eliminate any dangerous conditions; and

j. In failing to keep the area in a reasonably safe condition.

k. By watering plants and product in a way that allowed water to accumulate and become hazardous for customers.

5. As a result of the negligence of the Defendant, the Plaintiff, suffered great bodily injury consisting, among other things, of severe and painful injury, emotional upset and mental anguish, injuries to her left knee, left hip and lower right leg, among other injuries.

6. As a further consequence of the negligence of the Defendant, and the injuries she sustained, the Plaintiff, has and continues to suffer physical pain, mental and emotional anguish and will likely continue to suffer physical, mental and emotional anguish in the future.

7. As a further consequence of the negligence of the Defendant, and the injuries she sustained, the Plaintiff suffered and continues to suffer chronic pain and limitations involving her left knee and left hip. Because of her injuries and this persistent pain, she was required to take various medications, including pain relievers and anti-inflammatories. The Plaintiff was required to undergo surgery on her left knee. Her injuries also exacerbated pre-existing left hip degeneration and she was required to undergo full hip replacement surgery. She has been required to undergo and incurred expenses for medical care and attention, physician's care, hospital care, surgeries, diagnostic testing, radiological procedures, physical therapy, and pharmaceuticals, and it is likely she will incur further such expenses in the future.

8. As a further consequence of the negligence of the Defendant, and the injuries sustained by her, the Plaintiff has been required to restrict her activities and she will never

go about again as a well person, and some or all of her injuries, or the effects thereof, are or are likely, to be permanent in nature.

9. As a further consequence of the negligence of the Defendant as aforesaid, the Plaintiff who was gainfully employed at the time of this incident, lost time from said employment, was unable to carry on all of the usual duties of said employment, suffered an impairment of her earning capacity, and her earning capacity has been permanently impaired.

12. As a further direct and proximate result of the negligence of the Defendant, the Plaintiff was and will be unable to perform and enjoy the normal recreational activities and social activities of life to the extent to which she was formerly able to enjoy them, and her ability to enjoy them is permanently impaired.

THE PLAINTIFF

BY_____
CHARLES K. NORRIS, Esq.
For CHINIGO, LEONE & MARUZO, LLP
141 Broadway
Norwich, CT 06360
(860) 889-8900
Her Attorneys

4

| | | |
|---|---|---|
| RETURN DATE: AUGUST 9, 2022 | : | SUPERIOR COURT |
| KAREN M. DOMIJAN | : | JUDICIAL DISTRICT OF |
| VS. | : | NEW LONDON AT NEW LONDON |
| HOME DEPOT U.S.A., INC. | : | JULY 7, 2022 |

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff claims:

1. Money damages and the amount, legal interest or property in demand is Fifteen Thousand ($15,000.00) Dollars or more, exclusive of interest and costs.

THE PLAINTIFF

BY_____
CHARLES K. NORRIS, Esq.
For CHINIGO, LEONE & MARUZO, LLP
141 Broadway
Norwich, CT 06360
(860) 889-8900
Her Attorneys

5